MARTIN et al. v. CARROLL.

(District Court, D. Massachusetts. January 16, 1909.)

No. 139.

SEAMEN (§ 17*)—FISHERMEN SHIPPING ON THE LAY—SHARE IN EARNINGS.

Members of the crew of a fishing schooner, shipping on the half lay, to be paid by shares in the catch, have the rights of seamen claiming wages as regards recovery of the amounts of their shares, and a member of such a crew who without his fault became separated from his vessel, and was unable to rejoin it during the season, is entitled to the same proportion of his share of the proceeds of the whole catch as the time of his actual service on board bears to the time occupied by the whole voyage, the remainder of his share to be distributed between the other members of the crew.

[Ed. Note.—For other cases, see Seamen, Dec. Dig. § 17.*]

In Admiralty. Suit by John Martin and others against John J. Carroll. Decree for libelants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

M. Francis Buckley, for libelants.
William A. Pew, Jr., for respondent.

DODGE, District Judge. The 16 libelants were fishermen on board the schooner Massachusetts during a fishing trip made by that vessel from Gloucester to the fishing grounds of Labrador and back during the summer of 1908. The respondent was master of the schooner and has in his hands a part of the net proceeds of her catch, which the libelants say he ought to divide among them.

The facts are not disputed. There were no articles signed for the voyage in question, but the 16 libelants, the master and 2 other men, Keefe and Mara, 19 men in all, agreed to go in her on "half lay." This means, according to Gloucester usage, that from the gross proceeds of the catch certain general charges are deducted, and what then remains goes one half to the owners of the vessel, and the other half to her master and crew in equal shares.

The 16 libelants and the master made the entire voyage, leaving Gloucester on or about May 21st, and returning there on or about September 18th. Keefe and Mara, however, having left the vessel as usual in a dory on June 21st to attend to their trawls, got lost in a fog, were unable to find their way back to the schooner, finally reached the Labrador coast in their dory, and from there made their way home to Gloucester. They were unable to rejoin the schooner in time to take any further part in her voyage. At the time they became separated from her about 8,000 pounds of fish in all had been taken.

Should there be, under these circumstances, 19 equal shares in that part of the proceeds which belongs to the captain and crew, or 17 only? Each of the libelants has received one-nineteenth, but contends that he ought to have one-seventeenth, and that Keefe and Mara ought not to participate at all. Keefe and Mara contend that it was due to no fault of theirs that they did not complete the voyage, and that they have not lost their right to share equally with those who did. The question has been submitted without argument.

A seaman, serving for wages in the usual manner, who becomes separated from his vessel during the voyage without fault on his own part, is entitled to wages up to the time of leaving the vessel, but not for any further period. Hanson v. Rowell, 1 Spr. 117, Fed. Cas. No. 6,043. Members of the crews of fishing or whaling vessels who are paid by shares in the catch have the rights of seamen claiming wages as regards the recovery of the amounts of their shares, and Judge Sprague in Lovrein v. Thompson, 1 Spr. 355, Fed. Cas. No. 8,557, applying the principle of his earlier decision in Hanson v. Rowell, above cited, held that one of the crew of a whaling vessel who becomes justifiably separated from her before the voyage is ended is entitled to the same proportion of his share in the proceeds of the whole voyage as the time of his actual service on board bears to the time occupied by the whole voyage. This decision was followed by Judge Lowell in Antone v. Hicks, 2 Low. 383, Fed. Cas. No. 493. All these are decisions made in this court, and they seem to me to govern this case. I find no others bearing upon the question. It appears that the entire voyage for which the libelants shipped occupied four months (or

within three days of that time), and that Keefe and Mara served on board one month out of that time. Keefe and Mara, therefore, should each receive one-fourth part of one-nineteenth share in crew's part of the catch, and what then remains to be divided should be shared equally among the seventeen other members of the crew. The figures can, I suppose, be agreed on. If not, there may be a reference to ascertain them. An interlocutory decree for the libelants may be entered.